## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES C. MILLER, *et al.* )<br><br>Plaintiffs )<br><br>v. )<br><br>FEDERAL BUREAU OF PRISONS, *et al.* )<br><br>Defendants. ) | Civil Action No. 09-0578 (PLF)<br>(ECF) |

## DEFENDANTS' MOTION TO DISMISS

Federal Bureau of Prisons ("BOP"), former Attorney General, Michael Mukasey, BOP Director Harley G. Lappin, Warden Linda Sanders, Honorable John C. Coughenour, Honorable Joseph L. Tauro, Honorable William H. Alsup, United States Attorney Joseph P. Russoniello as well as Assistant United States Attorneys Carl Blackstone Brian Kelly and David Hall, (collectively "Defendants"), in their official and individual capacities, by and through the undersigned counsel, respectfully move to dismiss the complaint filed by inmates Charles C. Miller, Reg. No. 61721-065; Harold Edmund Stonier, Reg. No. 24707-038; and Dale Scott Heineman ("Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3), (b)(4), (b)(5), (b)(5).

In support of this motion, Defendants respectfully refer the court to the accompanying memorandum and proposed order.

*Pro se* Plaintiff will take note that if he fails to respond to this motion to dismiss, the Court may grant this motion and dismiss his case because of his failure to respond. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988).

July 14, 2009                             Respectfully submitted,

                                          _____/s/_____
                                          CHANNING D. PHILLIPS, D.C. BAR # 415793
                                          Acting United States Attorney


                                          _____/s/_____
                                          RUDOLPH CONTRERAS, D.C. BAR # 434122
                                          Assistant United States Attorney


                                          _____/s/_____
                                          KENNETH ADEBONOJO
                                          Assistant United States Attorney
                                          Judiciary Center Building
                                          555 4th Street, N.W. – Civil Division
                                          Washington, D.C.  20530
                                          (202) 514-7157
                                          (202) 514-8780 (facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————————
                                                        )
**CHARLES C. MILLER,** *et al.*                         )
                                                        )
        **Plaintiffs**    )
                                                        )
                                                        )    **Civil Action No. 09-0578 (PLF)**
    **v.**                                      )    **(ECF)**
                                                        )
**FEDERAL BUREAU OF PRISONS,** *et al.*                 )
                                                        )
        **Defendants.**   )
                                                        )
———————————————————————————

## <u>ORDER</u>

UPON CONSIDERATION of Defendants' Motion To Dismiss, the entire record herein, it is hereby

ORDERED that Defendants' motion to dismiss is granted, and it is further

ORDERED that this case is dismissed with prejudice.

——————
DATE                              HONORABLE PAUL L. FRIEDMAN, U.S.D.J.

Charles C. Miller, R# 61721-065
Lompoc FCI
Inmate Mail/Parcels
3600 Lompoc Guard Road
Lompoc, CA 93436

Harold Edmund Stonier, R# 24704-038
Lompoc FCI
Inmate Mail/Parcels
3600 Lompoc Guard Road
Lompoc, CA 93436

Dale Scott Heineman, R#12152-081
Lompoc FCI
Inmate Mail/Parcels
3600 Lompoc Guard Road
Lompoc, CA 93436

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused copies of the foregoing Defendants' Motion to Dismiss Plaintiffs'

Complaint to be served by first class mail upon *pro se* plaintiffs at:

Charles C. Miller, R# 61721-065
Lompoc FCI
Inmate Mail/Parcels
3600 Lompoc Guard Road
Lompoc, CA 93436

Harold Edmund Stonier, R# 24704-038
Lompoc FCI
Inmate Mail/Parcels
3600 Lompoc Guard Road
Lompoc, CA 93436

Dale Scott Heineman, R#12152-081
Lompoc FCI
Inmate Mail/Parcels
3600 Lompoc Guard Road
Lompoc, CA 93436

on this 14th day of July 2009.

_____/s/_____
        KENNETH ADEBONOJO
        Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                  )
CHARLES C. MILLER, *et al.*                       )
                                                  )
                    Plaintiffs                    )
                                                  )          Civil Action No. 09-0578 (PLF)
         v.                                       )          (ECF)
                                                  )
FEDERAL BUREAU OF PRISONS, *et al.*               )
                                                  )
                    Defendants.                   )
_____           )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Federal Bureau of Prisons ("BOP"), former Attorney General, Michael Mukasey, BOP

Director Harley G. Lappin, Warden Linda Sanders, Honorable John C. Coughenour, Honorable

Joseph L. Tauro, Honorable William H. Alsup, United States Attorney Joseph P. Russoniello as

well as Assistant United States Attorneys Carl Blackstone, Brian Kelly, and David Hall

("Defendants"), in their official and individual capacities, by and through the undersigned

counsel, respectfully submit this memorandum of points and authorities in support of their

motion to dismiss the complaint filed by inmates Charles C. Miller, Reg. No. 61721-065; Harold

Edmund Stonier, Reg. No. 24707-038; and Dale Scott Heineman ("Plaintiffs") pursuant to Fed.

R. Civ. P. 12(b)(1), (b)(2), (b)(3), (b)(4), (b)(5), (b)(6).

INTRODUCTION AND SUMMARY

Plaintiffs commenced this action alleging that Defendants subjected and are subjecting

them to an illegal criminal sentence arising from an illegal prosecution.  But Plaintiffs do not

make even a single allegation against Bureau of Prisons ("BOP"), its Director, Harley Lappin,

Warden Linda Sanders, or former Attorney General Michael Mukasey.  Plaintiffs' claims against

the BOP and the individuals named in their official capacities should be dismissed on sovereign immunity grounds; claims against the individuals named in their personal capacities should also be dismissed because this Court lacks personal jurisdiction over them; venue is improper in this jurisdiction and; in any event, Plaintiffs fail to state a claim against Defendants.

## BACKGROUND

Plaintiffs Charles C. Miller, Harold E. Stonier, and Dale S. Heineman are currently serving sentences of 120 months conspiracy for bank and mail fraud, 121 months for use of interstate facilities in the commission of a murder for hire, and 240 months for conspiracy to commit mail fraud respectively.  *Ex*. A, Sentry Reports.[1]  Purporting to invoke this Court's *Bivens* jurisdiction,[2] Plaintiffs commenced this action by filing a woefully incomprehensible and conclusory complaint alleging "violations of United States Code in particular [18 U.S.C. § 4001(a)]: 'No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.'"  Docket Entry 1 at 2.  Plaintiffs allege that "these Defendants conspire[d] to circumvent this Code Section." thereby "caus[ing] their false and illegal imprisonment...."  *Id*. at 10.  Although Plaintiffs appear to rely on Title 18, they also allege that "Congress...did not properly or lawfully pass the bill promulgating Titles 18, 28, and others

---

[1]     It appears that Plaintiff Miller names as Defendants John C. Coughenour, U.S.D.J. and Assistant United States Attorney ("AUSA") Carl Blackstone, the trial judge and prosecutor in his criminal case respectively.  Similarly, Plaintiff Stonier names as Defendants Joseph L. Tauro, U.S.D.J. and AUSA Brian Kelly and Plaintiff Heineman names William H. Alsup, U.S.D.J., United States Attorney Joseph P. Russoniello and AUSA David Hall for the same reasons.

[2]     *Bivens v. Six Unknown Agents of Fed. Bur. of Narc*, 403 U.S. 388 (1971) (recognizing an implied right of action in damages to enforce provisions of the Fourth Amendment of the Constitution).

within the United States Code." *Id*. at 14.  They further allege that the section "was not enacted

properly rendering Title 18 a complete nullity." *Id*.  In addition, they allege that the United States

"is not a sovereign but a corporate person" and that "the United States Attorneys are limited to

prosecuting for offenses against the United States...[t]herefore the prosecutions against Plaintiffs

were fraudulent and part of a conspiracy between Defendants." *Id*. at 16.  The relief Plaintiffs

seek is equally incomprehensible.  They seek *inter alia*, monetary damages, writs of *habeas

corpus*, freezing of assets, disclosure of documents, protective orders, etc.  *Id*. at 2.

Prior to filing this action, Plaintiffs filed petitions for writs of *habeas corpus*, which this

Court denied.  Docket Entries 09-580; 09-581, 09-582.  In those actions, Plaintiffs challenged

their "illegal conviction[s]" and "illegal sentence[s]" imposed by their various trial and

sentencing courts.  *Miller v. Sanders*, 2009 WL 909598 (D. D.C. 2009).  In all three cases, this

Court concluded that only the sentencing courts have "subject matter jurisdiction over

[Plaintiffs'] petition[s], and is the only court in which []petitioner[s'] motion[s] to vacate may be

heard." *Id*.[3]  Similarly, Plaintiff Heineman commenced an action in which he named Defendant,

the Honorable William H. Alsup, which was construed as a *habeas* petition and the claims

against the Judge were dismissed accordingly.  *Heineman v. US*, 2008 WL 2608191 (N.D. Ca

2008); *Heineman v. BOP*, 09-328 (ESH) (Judge Huvelle dismissed Plaintiff Heineman's claims

against former Attorney General Mukasey, BOP Director Lappin and Warden Sanders for failure

to state a claim because he sought relief not permitted to private parties).  Also, Plaintiff Stonier

---

[3]     Plaintiff Miller previously commenced another action, *Miller v. Mukasey*, 08-1875 (PLF), related to his incarceration, which this Court properly transferred to the Central District of California.  That Court denied Plaintiff Miller's request to proceed *in forma pauperis* and dismissed his complaint for failure to state a claim.  *Miller v. Mukasey*, 08-7646 (C.D. Ca 2008).

3

filed an action that is identical to the within matter naming Defendant the Honorable Joseph L.

Tauro and Defendant AUSA Brian Kelly in the District of Massachusetts. *Stonier v. US*,

09-cv-10932.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead

"enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41,

47 (1957)); *see also In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*).

Hence, the focus is on the language in the complaint, and whether the "'plain statement' possess

enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, *supra*, at 557 (citing Fed.

R. Civ. P. 8(a)(2); *Pac. Bell Tel. Co. v. linkLine Communs., Inc.*, 129 S. Ct. 1109, 1123 (2009)

(concluding that plaintiff's allegations failed to satisfy the *Twombly* standard because even if

plaintiff pled the required facts defendant did not owe plaintiff a duty under antitrust laws). Rule

8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a

prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more

than conclusions. *Ashcroft v. Iqbal*, 2009 U.S. Lexis 3472, 30 (2009). Even where well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged but it has not "show[n]" -- "that the pleader is entitled to relief." *Id*. (citing Fed. Rule

Civ. Proc. 8(a)(2)).

A claim has facial plausibility when the pleaded factual content allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, at 556.

4

Under *Twombly*, the tenet that a court must accept allegations as true is not applicable to naked recitals of a cause of action's elements, supported by mere conclusory statements. *Iqbal*, at 29-30 (citing *Twombly*, at 555); *Kowal v. MCI Comm. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)(The Court need not accept any inferences or conclusory allegations that are unsupported by the facts pled in the complaint). In addition, determining whether a complaint states a plausible claim requires the reviewing court to draw on its experience and common sense. *Iqbal*, at 30. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. *Id*, 30-31. Legal conclusions must be supported by factual allegations. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. (concluding that respondent's factual allegations failed to establish that petitioners purposefully housed detainees in the ADMAX SHU *due to their race, religion, or national origin* [emphasis added]). Accordingly, the focus is on the language in the complaint.

## ARGUMENT

a.     **All Claims Against the Defendants for Habeas or Equitable Relief Should Be Dismissed**

Plaintiffs' request for *habeas* or injunctive and declaratory relief are properly entertained as a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Because it is an available and efficacious remedy, Plaintiffs' complaints should be construed as petitions for writs of *habeas corpus*, pursuant to Title 28 U.S.C. § 2241, and should be dismissed or transferred to the federal district of Plaintiffs' incarceration. The relevant language of the § 2241 *habeas* statute states: The writ of *habeas* corpus shall not extend to a prisoner unless . . . [h]e is in custody in

violation of the Constitution or laws or treaties of the United States[.]  Title 28 U.S.C. § 2241(c)(3).

It is beyond reasonable dispute that, in this Circuit, a federal prisoner's attack on the "fact or duration" of his confinement is relegated to § 2241 *habeas* relief which must be brought in the federal district of incarceration.  *Chatman-Bey v. Thornburgh*, 864 F.2d 804 (D.C. Cir. 1988) (en banc).  Pursuant to § 2241, the federal district courts undeniably have subject matter jurisdiction to entertain such complaints, 28 U.S.C. § 2241(a), and may subsequently fashion the appropriate relief "as law and justice require."  28 U.S.C. § 2243.

In *Chatman-Bey*, the court went to great lengths in describing the "breadth and flexibility" of the § 2241 habeas writ as a remedy for federal prisoners seeking immediate or accelerated release from unlawful incarceration.  *Chatman-Bey*, 864 F.2d at 806-10.  The focus of its decision was on Congress' intent, manifested through § 2241, to provide a specific remedy to federal prisoners who are "in custody," and challenging the lawfulness of that custody.  By enacting § 2241, the court concluded, Congress intended that federal prisoners use that provision, instead of other less narrowly tailored forms of relief, e.g., mandamus or declaratory judgment relief, in challenging their detention.  *Id*.  The court stated its reasoning was "of a piece with the well-settled principle that a specific statute displaces (or, as is frequently said, preempts) more general remedies."

Plaintiffs' complaint, which directly attacks their convictions, should be relegated to the § 2241 habeas statute for relief for the identical reasons that *Chatman-Bey* declared such relief the sole remedy for federal prisoners challenging the "fact or duration" of their confinement.  In Chatman-Bey, the court stated:

6

[The U.S. Supreme Court case of *Preiser v. Rodriguez*] . . . makes clear that, as a matter of Congressional intent, prisoners mounting a challenge to the lawfulness of their custody are to proceed by means of *habeas*. *Chatman-Bey*, 864 F.2d at 809 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Because § 2241 habeas permits the court to fashion the necessary relief "as law and justice require," Plaintiffs' request for habeas and declaratory and injunctive relief can be realized. In *Guerra v. Meese*, 786 F.2d 414 (D.C. Cir. 1986), it was held that a district court may not entertain a *habeas* corpus action unless it has personal jurisdiction over the custodian of the prisoner. *Chatman-Bey*, *supra*, at 810 (reaffirming that "the appropriate defendant in a habeas action is the custodian of the prisoner," and also holding that the "custodian" of a federal prisoner seeking release on parole is the warden of the prison in which he is confined); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (same).

In this instance, Plaintiffs' custodian is the warden of the facility in which they are housed at FCI Lompoc in California. Accordingly, it appears that this Court would lack personal jurisdiction over Plaintiffs' warden. The complaint must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and (6) insofar as plaintiffs seek *habeas* or injunctive and declaratory relief. For these reasons, any claims against the individual defendants in their official capacities should be dismissed.[4]

### b.   Sovereign Immunity Bars Plaintiff's Claims Against the BOP and all Individually-Named Defendants in their Official Capacities

"It is axiomatic that the United States may not be sued without its consent and that the

---

[4]     In as much as Plaintiffs seek monetary damages for an alleged unlawful conviction and incarceration, those claims are barred by *Heck v. Humprhey*, 512 U.S. 477 (1994). *See infra* pps.

existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  "Absent a waiver, sovereign immunity shields the Federal Government...from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Congressional consent to suit, a waiver of the government's traditional immunity, must be explicit and is strictly construed.  *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986).  Absent clear congressional consent to entertain a claim against the United States, a District Court lacks authority to grant relief.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  "Sovereign immunity is jurisdictional in nature." *Meyer*, *supra*, 510 U.S. at 475.  Sovereign immunity bars suits for money damages against the government itself, and against public officials sued in their official capacities. *Konarski v. Brown*, 2004 U.S. App. Lexis 11277, *2 (D.C. Cir. 2004).

It is equally settled that constitutional claims for money damages against government employees in their official capacities are barred.  *Perkins v. Ashcroft*, 275 Fed. Appx. 17, 17 (D.C. Cir. 2008) ("To the extent appellant was attempting to sue the former Attorney General in his official capacity, the action is barred by sovereign immunity"); *Abdus-Shahid M.S. Ali v. United States Parole Commission*, 2007 U.S. App. Lexis 27270, *2 (D.C. Cir. 2007) ("The district court properly dismissed the claims against the Commission and against the Commissioner and the examiner in their official capacities as barred by sovereign immunity").  Moreover, since Plaintiffs have only been able to serve Defendant Lappin in his official capacity, Docket Entry 4, and appear not to have been able to serve any other Defendants at all, they cannot maintain claims against either in their individual capacities. Therefore, any constitutional claims Plaintiffs purport to allege against these Defendants should be construed against them in their official capacities only and barred by sovereign immunity.

c.      **Plaintiffs Have Failed to Exhaust Their Administrative Remedies under the Prison Litigation Reform Act ("PLRA")**

Plaintiffs have failed to exhaust their administrative remedies with regard to the claims raised in this lawsuit.  The PLRA requires prisoners to exhaust "such administrative remedies as are available" before bringing a civil action in federal court regarding prison conditions.  42 U.S.C. § 1997e(a).  In *Booth v. Churner*, a unanimous Supreme Court held that the PLRA requires inmates to complete all stages of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Exhaustion is now required for all actions brought under any federal law with respect to prison conditions.  *Porter v. Nussle*, 534 U.S. 516, 524, 534 (2002) (holding that the PLRA exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes).  "Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Id*. at 524-25.  Therefore, if an inmate has not exhausted his administrative remedies before filing suit, the court must dismiss the inmate's complaint.  *Booth*, 532 U.S. at 741; *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).

The BOP outlines its Administrative Remedy procedure in 28 C.F.R. § 542.10 *et seq*. and provides "formal review of any complaint which relates to any aspect of an inmate's confinement."  *Ex*. B, Declaration of Carolyn Lamphear ¶ 2 ("Lamphear Decl.").  First, the inmate must present an issue of concern informally to staff.  *Id*.  In the event informal resolution

9

is unsuccessful, he or she may file a formal complaint with the Warden. *Id*. Where the inmate is dissatisfied by the Warden's response, he or she may appeal the response to the Regional Director. *Id*. If the inmate is dissatisfied with the resulting response from the Regional Director, he or she may file an appeal with the General Counsel in the BOP's central office. *Id*. An administrative remedy is not exhausted until the inmate has properly filed administrative remedies and received formal responses at all levels. *Id*.

In the present case, to the extent any claim can be construed against the BOP or its employees, Plaintiffs have failed to exhaust their administrative remedies. Lamphear Decl. at ¶ 6-8. For example, Plaintiffs appear to allege that the BOP and its employees are the instrumentality of their "false imprisonment." They make vague and unfounded references to BOP correspondence and paperwork. However, none of the Plaintiffs have filed or appealed through each level of review any administrative remedies regarding their claims in the above referenced *Bivens* action. Specifically, they have not filed administrative remedies challenging their sentences, the validity of the underlying convictions for which they were sentenced, and the allegations of false imprisonment. *Id*. Therefore, Plaintiffs have not complied with the PLRA mandatory exhaustion requirements regarding the claims brought in this lawsuit and the Court should dismiss the complaint. *Booth*, 532 U.S. at 741.

   **d.    This Court Lacks Personal Jurisdiction Over the Individual Defendants Because Plaintiffs Have Failed to Effect Proper Service on them**

This Court is without personal jurisdiction over the individual Defendants in the absence of proper service. Thus, dismissal is appropriate of all individual-capacity claims under Fed. R. Civ. P. 4(m) and 12(b)(2), (4) and (5). In the absence of service of process (or waiver of service

by the defendant), a court ordinarily may not exercise power over a party the complaint names as

defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 (1987) ("Before

a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of

service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree*, 326 U.S.

438, 444-445 (1946) ("[S]ervice of summons is the procedure by which a court ... asserts

jurisdiction over the person of the party served."); *Murphy Bros., Inc. v. Michetti Pipe Stringing,*

*Inc.*, 526 U.S. 344, 350 (1999).  It is well-established that, in an action against a federal employee

in an individual capacity, the individually-sued defendant must be served with process in

accordance with rules applicable to individual defendants.  Fed. R. Civ. P. 4(i)(2)(B); *Simpkins v.*

*District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997); *Lawrence v. Acree*, 79

F.R.D. 669, 670 (D. D.C. 1978); *Navy, Marshall & Gordon v. U.S. Int'l Dev. Corp. Agency*, 557

F.Supp. 484, 489 (D. D.C. 1983); *Delgado v. Bureau of Prisons*, 727 F.Supp. 24 (D.D.C. 1989).

Rule 4 generally requires that a copy of the summons and complaint be delivered to the

defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of

abode with some person of suitable age and discretion" who resides there.  Fed. R. Civ. P.

4(e)(2).  Service on the Attorney General of the United States and the United States Attorney for

the district in which the action is brought, pursuant to the rules applicable to official capacity

suits, "does not obviate the requirement of personal service . . . where the action is in substance

against a federal official in his individual capacity." *Lawrence*, 79 F.R.D. at 670; *Delgado*, 727

F.Supp. at 27.  Indeed, under Rule 4(i)(2)(B), service on the United States is required in addition

to service on an individual defendant.  Fed. R. Civ. P. 4(i)(2)(B).

11

Where, as here, a plaintiff seeks relief against the individually-named Defendants in their personal capacities, the Court must acquire personal jurisdiction in order to enter a binding judgment, *Reuber v. United States*, 750 F.2d 1039, 1049 (D.C. Cir. 1984); *Griffith v. Nixon*, 518 F.2d 1195 (2d Cir.), *cert. denied*, 423 U.S. 995 (1975), and the general rule is that a plaintiff has the burden of establishing personal jurisdiction. *Reuber*, *supra* at 1052. Because the record in this action does not establish proper personal service upon any of the Defendants, see *docket entries* 4, any claim against them personally is subject to dismissal. In fact, the record reflects that only BOP and Defendant Lappin, in his official capacity, have been served. Moreover, Plaintiffs have failed to file any proof of service pertaining to the other Defendants as required by LCvR 5.3.

The Federal Rules of Civil Procedure provide for dismissal of a complaint if the defendants are not served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). This action was commenced on March 26, 2009, *docket entry* 1, and Plaintiffs have until approximately July 25, 2009, to secure proper service on Defendants. If Plaintiffs fail to properly serve Defendants by that date, this action would be subject to dismissal under Fed. R. Civ. P. 4(m), 12(b)(2), 12(b)(4) and 12(b)(5).

**e.     Plaintiffs' Claims Should be Dismissed for Improper Venue**

To the extent that Plaintiffs' complaint can be construed as making claims against Defendants personally, they must be dismissed under Fed. R. Civ. P. 12(b)(3). Generally, "the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173 183-84 (1979). Under § 1391(b), such a cause of action may be brought only in a judicial

district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  The D.C. Circuit has admonished "[c]ourts in this circuit [to] examine the challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia."  *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

In this case, venue is not proper in this District under 28 U.S.C. § 1391(b) because it appears that Defendants do not reside in the District of Columbia.  On the contrary, it appears that Defendants Tauro and Kelly reside in Massachusetts, Defendants Coughenour and Blackstone reside in Washington State, and Defendants Alsup, Russoniello and Hall reside in California as does Warden Sanders.  In addition, most or all of the alleged events or omissions giving rise to Plaintiffs' claims took place, in Plaintiffs' own words, outside this District.  It is difficult to see how venue can be proper in this District when there is no evidence that Defendants reside in this District and none of the events took place here.  Accordingly, the Court should dismiss plaintiffs' individual capacity constitutional claims under Federal Rule of Civil Procedure 12(b)(3).[5]

**f.      Plaintiffs Fail to State a Claim upon which Relief can be Granted**

In general, Plaintiffs' claims fail to state a claim because "[f]actual allegations must be

---

[5]       Under 28 U.S.C. § 1406(a), if the venue is improper, the court may transfer the case to a district where it could have been properly brought in the interest of justice.  However, the claims in this case would be subject to dismissal no matter where the transfer for all of the reasons stated herein.  Therefore, outright dismissal better serves the interests of justice.  *See Simpkins v. District of Columbia Government*, 108 F.3d 366 (D.C. Cir. 1997).

enough to raise a right to relief above the speculative level," and that a plaintiff must make "a 'showing,' rather than a blanket assertion, of entitlement to relief.'" *Twombly*, 127 S. Ct. 1955, 1965 & n.3.  Thus, "the complaint must set forth sufficient information to suggest that there exists some recognized legal theory upon which relief can be granted."  *Gregg v. Barnett*, 771 F.2d 539, 547 (D.C. Cir. 1985).

i.      Plaintiffs' Individual Capacity Claims are <em>Heck</em> Barred

This Court should dismiss any construable individual capacity claims against all Defendants under the truncated qualified immunity analysis espoused in *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) ("[J]udges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.") particularly because Plaintiffs' constitutional claims are *Heck* barred.  *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a prisoner may not challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. §1983).  Plaintiffs' claims are *Heck* barred because a judgment in their favor necessarily implies the invalidity of their prosecution, sentencing, and incarceration, which has not previously been invalidated through other means. *Crawford v. Barry*, 1998 U.S. App. Lexis 33930, *2 (D.C. Cir. 1998); *Perkins v. Ashcroft*, 2007 U.S. Dist. Lexis 83643, *2 (D.D.C. 2007) (concluding that the prisoner failed to demonstrate that his 27-month "wrongful imprisonment" had been invalidated).

ii.      Judicial and Prosecutorial Defendants are Entitled to Absolute Immunity

Absolute or quasi-judicial immunity "is a complete bar to any lawsuit against a government official based on tasks the official performed that were within the scope of his

14

duties." *Pate v. U.S.*, 277 F.Supp.2d 1, 7 (D. D.C. 2003) (citing *Wagshal v. Foster*, 28 F.3d

1249, 1252 (D.C. Cir. 1994).  In this case, the judges are entitled to absolute judicial immunity.

*Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (upholding immunity of judges for acts within their

judicial role).  The purpose of this judicial immunity is to protect the public, "whose interest it is

that the judges should be at liberty to exercise their functions with independence and without fear

of consequences." *Pierson*, 386 U.S. at 554.  As the Supreme Court explained more than a

century ago in *Bradley v. Fisher*, 13 Wall. 335, 351 (1872), "judges of courts of superior or

general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are

in excess of their jurisdiction, and are alleged to have been done maliciously or wantonly." *See

also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of

immunity because the action he took was in error, was done maliciously, or was in excess of his

authority; rather, he will be subject to liability only when he has acted in the clear absence of all

jurisdiction.").  Judicial immunity is overcome in only two sets of circumstances. A judge is not

immune from liability for actions: 1) not taken in judge's the judicial capacity; and 2) taken in

complete absence of all jurisdiction.  *Mireless v. Waco*, 502 U.S. 9. 9-12 (1991).

Although traditionally only applicable to judges, courts have extended absolute immunity

to a "wide range of persons playing a role in the judicial process." *Id*.  Few areas of the law draw

a brighter line than the doctrine of absolute immunity for prosecutors and their actions within the

prosecutorial function. *Epps v. Howe*, 2007 U.S. Dist. 55093 at 6-7 (D. D.C. 2007) (citing *Sloan

v. HUD*, 231 F.3d 10, 19 (D.D.C. Cir. 2000)).  When prosecutors act in their roles as advocates,

absolute immunity applies. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (noting that a prosecutor is

absolutely immune from liability for allegedly presenting false statements in a probable cause

hearing); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (noting that a prosecutor is absolutely immune from liability for allegedly using false testimony at trial).  Absolute immunity applies even when the plaintiff establishes that the prosecutor acted intentionally, in bad faith, or with malice.  *Kalina v. Fletcher*, 522 U.S. 118 (1997).  The rationale for absolute immunity is the need to protect prosecutors from frivolous and unfounded claims and keep them focused on serving the public trust. *Imbler*, *supra*, 424 U.S. at 424-28. (affirming dismissal of a complaint on immunity grounds where the prosecutor allegedly knowingly used false evidence and suppressed exculpatory evidence); *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993) (concluding that qualified rather than absolute immunity applied where the alleged misconduct occurred before probable cause was established and anyone was arrested).

Under the absolute immunity rubric, the Defendant judges and prosecutors are entitled to absolute immunity.  Plaintiffs' essentially singular allegation is that the judges and prosecutorial Defendants' actions resulted in a "false and illegal imprisonment."  Docket Entry 1 at 2. Although far from clear, it appears that Plaintiffs are alleging that the Defendant judges and prosecutors deprived them of due process during their respective trials.  However, Plaintiffs make no specific allegations other than the conclusory statement that Defendants' conduct has resulted in a false and illegal confinement.  Whatever Plaintiffs' allegations are, it is clear that Defendants are entitled to absolute immunity because Plaintiffs' allegations arise from conduct under taken by these Defendants in their official capacities as judges and prosecutors.

Finally, Plaintiffs' complaint lacks any meaningful allegations.  Their allegations are so patently conclusory as to not merit the presumption of truth under *Iqbal*, *supra*.  Therefore,

16

dismissal of Plaintiffs' claims against these Defendants is appropriate and required.[6]

## CONCLUSION

Based on the foregoing reasons, Defendants respectfully request that Plaintiffs' complaint

be dismissed with prejudice.

July 14, 2009                                    Respectfully submitted,

                                                _____/s/_____
                                                CHANNING D. PHILLIPS, D.C. BAR # 415793
                                                Acting United States Attorney

                                                _____/s/_____
                                                RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                Assistant United States Attorney

                                                _____/s/_____
                                                KENNETH ADEBONOJO
                                                Assistant United States Attorney
                                                Judiciary Center Building
                                                555 4th Street, N.W. – Civil Division
                                                Washington, D.C.  20530
                                                (202) 514-7157
                                                (202) 514-8780 (facsimile)
.

---

[6]      Plaintiffs' claims against Defendants Mukasey, Lappin and Sanders should be dismissed on qualified immunity grounds. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 129 S. Ct 808, 818 (2009).  As indicated earlier, Plaintiffs, in their complaint,  did not make a single allegation against these Defendants.  Moreover, as Plaintiffs have not alleged that they were personally involved in Plaintiffs' prosecution, these Defendants would be entitled to immunity because *Bivens* liability may not be premised on a *respondeat superior* theory.  *Iqbal*, *supra* at 35.